IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIM BERRYMAN-DAGES,

    Plaintiff,

v.                                                CASE NO. 1:10-cv-00177-MP-GRJ

CITY OF GAINESVILLE FLORIDA,

    Defendant.

_____/

**O R D E R**

        This matter is before the Court on Doc. 39, Motion to Quash Subpoenas by Nancy Thayer, and Doc. 52, Motion to Amend the Scheduling Order by City of Gainesville, Florida. Ms. Thayer is not a party to this case; however, both parties have responded to her motion to quash. Docs. 46 and 47. For the reasons given below the motion to quash is denied, but the Court orders modification of the subpoenas under Fed. R. Civ. P. 45(c)(3)(A).

        This case involves a claim that plaintiff was adversely treated and eventually demoted within the Gainesville Fire Rescue service based on gender and sexual orientation discrimination and in retaliation for her reporting unlawful employment practices. During discovery, defendant subpoenaed the computer of a non-party, Nancy Thayer, because Ms. Thayer had claimed to have written an anonymous letter sent to Plaintiff in which Plaintiff's conduct and character were criticized and reference was made to Plaintiff's gender and sexual orientation. Later, Ms. Thayer denied writing the letter and instead ascribed it to her ex-husband, who was the Gainesville Fire Rescue Chief at the time of her demotion.

        The subpoena asked for the following:

> Any and all computers, laptops, hard drives, or any other similar devices used by NANCY THAYER (f/k/a NANCY NORTHCUTT) during the time period of January 1,2008, to January 1,2009, while residing with and married to WILLIAM K. NORTHCUTT at 5531 NW 34th Street. Gainesville, Florida. The drives of such devices will be imaged for the purposes of inspection and/or copying of the electronic document attached hereto as Exhibit A, which Ms. Thayer admitted to sending to KIM BERRYMAN-DAGES in September of 2008, whether it exists on such devices or not, any metadata associated therewith, and any electronic information that was created, accessed, modified or deleted within one hour of the creation, access, modification. or deletion dates for the electronic document attached hereto as Exhibit A.

(Doc. 39, p. 5).  Exhibit A is the anonymous letter described above.

Ms. Thayer is willing to allow the computer to be examined, but asks that an impartial computer forensics expert, not employed by the City of Gainesville, search the electronic information on her personal computer; that any person investigating the personal computer be punished for divulging any information outside the purview of this case; that Ms. Thayer be allowed to sit down with said computer and impartial third party computer forensics expert during the inspection; that the expert's sole purpose be to extract the single piece of information in question; that the expert be directed by the Court to keep confidential any and all information outside the purview of this case; and that no information on said computer be altered, deleted or copied.

Under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv), a Court must quash or modify a subpoena which "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  As an initial matter, the Court agrees with defendant that the letter and associated data and metadata on the computer are materials that are  reasonably calculated to lead to admissible evidence.  Thus, defendant should be entitled to discover these materials.  Additionally, the Court agrees that a forensic examiner must be permitted to image the hard drive to allow for a search for the letter in the hard drive's unallocated space in the event that the letter has been

deleted. Also, the Court agrees that the City need not incur the expense of retaining an impartial third party forensic examiner. The mere fact that the City employs police officers and the attorneys in this case is insufficient to justify this expense.

However, the Court agrees with Ms. Thayer that allowing this image of the hard drive to be turned over to the defendant or any other party, or even allowing the review of the hard drive by defendant, risks disclosure of protected matter without good reason. Additionally, allowing the City to possess the computer for an extended period of days would be unduly burdensome. Thus, the subpoena must be modified under Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). On review of this order, if Ms. Thayer continues to have privacy or confidentiality concerns, she is directed to address those concerns to the Court.

In addition, the City of Gainesville moves the Court to amend the scheduling order. Both parties have expressed a need to conduct additional discovery past the current June 30, 2011 deadline. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The motion to quash, Doc. 39, is granted in part and denied in part. Ms. Thayer must comply with the subpoena, but with the following modifications:

    • A computer forensics expert, employed by the City of Gainesville Police Department, shall be permitted to image the hard drive of the computer in order to facilitate a search for the letter in question, and any related metadata, including in the unallocated free space of the hard drive;

    • Only this police forensics expert will be allowed search or review the electronic information on her personal computer, and the police computer forensics expert's sole purpose shall be to extract information relating to the letter referred to in the subpoena;

    • Ms. Thayer shall be allowed to sit down with said computer and Gainesville Police Department computer forensics expert during the inspection, and may retain at her own expense, and have present during the examination, her own computer forensics expert;

Case 1:10-cv-00177-MP-GRJ   Document 60   Filed 07/20/11   Page 4 of 4

*Page 4 of 4*

- The expert is directed to keep confidential any and all information other than the information listed above; and

- No information on said computer shall be altered, deleted or copied, except the information listed above.  The forensic examiner shall destroy the image of the hard drive after completing the examination.

2. The motion to amend the scheduling order, Doc. 52, is GRANTED.  The deadline for completing discovery is extended until August 19, 2011 and the deadline for filing motions for summary judgment is extended until October 3, 2011.

**DONE AND ORDERED** this   *20th* day of July, 2011

     *s/Maurice M. Paul*
    Maurice M. Paul, Senior District Judge