**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

KIM BERRYMAN-DAGES,

    Plaintiff,

v.                                                        CASE NO. 1:10cv177-MP-GRJ

CITY OF GAINESVILLE FLORIDA,

    Defendant.

_____/

**O R D E R**

        This matter is before the court on defendant's motion to strike plaintiff's amended initial disclosures and to exclude evidence for failure to comply with discovery obligations. (Doc. 89).  Plaintiff Berryman-Dages is an employee of the City of Gainesville (the City) and brought this action claiming that the City's disciplinary action against her, which involved a demotion, was the result of sex discrimination and retaliation for complaining of the alleged discrimination.  In the instant motion, the City moves the Court to exclude Berryman-Dages from relying on certain documents due to her untimely disclosure and production of the documents late in the discovery process.  For the following reasons the motion is denied.

        The City's motion to strike comes at the end of a long discovery process in which this court granted three extensions.  After establishing preliminary deadlines for initial disclosures and discovery, this Court extended those deadlines at the request of the parties. (Doc. 20).  The new deadlines for initial disclosures and discovery were set for December 13, 2011 and June 30, 2011, respectively.  (Doc. 20).

        On June 29, 2011, the City filed a motion to extend discovery, which was unopposed by Berryman-Dages, and the new deadline was set for August 19.  (Doc. 60). The City's motion cited the following reasons for the need for the discovery extension. First, the City needed to depose Nancy Thayer, examine her computer, and conduct additional discovery related to these matters.  (Doc. 52 at 2).  Ms. Thayer had been served with subpoenas for deposition and to produce her computer for examination, but had filed

a motion to quash these subpoenas. (Doc. 52 at 2). The City could not depose her or examine her computer until these matters were settled. (Doc. 52). Second, Berryman-Dages needed to depose Dr. Joseph Layon, the Medical Director for Gainesville Fire Rescue, who had been difficult to schedule for deposition because of his work schedule. (Doc. 52).

The next day, Berryman-Dages amended her initial disclosures to include an additional fourteen categories of documents that had not previously been disclosed. (Doc. 89 at 4). The City claims it was surprised by the amendment because it believed that discovery was being extended for the narrow purposes laid out in its motion to extend discovery from the previous day. (Doc. 89 at 4). Further, the City had already deposed Berryman-Dages twice by that time. (Doc. 89 at 4). On August 18, 2011 the City filed another unopposed motion to extend discovery because it had still not had the chance to depose Ms. Thayer. (Doc. 69 at 2-3). The new and final deadline for discovery was set for October 20, 2011.

Berryman-Dages did not begin to produce the documents identified in her amended initial disclosures until mid-September, about two and a half months after the amendment. (Doc. 89 at 4). According to the City, Berryman-Dages produced 997 pages of documents on September 14 and another 241 pages on September 20, 2011. (Doc. 89 at 4-5). However, according to Berryman-Dages, the City was already in possession of all but about forty of these documents. (Doc. 94 at 3). On October 19, 2011, the day before the final discovery deadline, she produced a final 110 pages of documents. (Doc. 89 at 5). Berryman-Dages offers no justification for why she waited until mid-September to begin producing the documents in question.

Berryman-Dages does offer some explanation for why the final 110 pages arrived so late. These documents consist of digital photographs taken on her cellular phone of the City's computer file system. (Doc. 94 at 7). She states that she was delayed by the technical issues involved in loading the photographs onto a CD for mailing to the City. (Doc. 94 at 7). Further, the CD arrived broken to the City, and Berryman-Dages had to obtain and mail another copy. (Doc. 94 at 8).

In the instant motion, the City asks the Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to preclude Berryman-Dages from relying on any of the untimely disclosed documents discussed above in supporting her claim. Berryman-Dages has responded to the motion, arguing that Rule 37 sanctions should not apply.

Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Rule 26(a) provides, in relevant part, that "a party must, without a discovery request, provide to the other parties . . . a copy–or a description by category and location–of all documents . . . that the disclosing party has in its possession . . . and may use to support its claims . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . ." Fed. R. Civ. P. 26(a)(1)(c). Rule 26(e) provides that "[a] party who has made disclosure under Rule 26(a) . . . or who has responded to . . . [a] request for production, . . .must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete." Fed. R. Civ. P. 26(e)(1).

If violations of Rule 26(a) or (e) have occurred, a court should preclude the violator from relying on untimely disclosed information unless the violations are "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009). "In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

A discovery violation is not harmless if the importance of the information at issue and its late disclosure cause prejudice to the opposing party. *Id.* Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to

perform discovery and depositions related to the documents or witnesses in question. *See, e.g., Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009) (striking expert testimony because late disclosure of the scientific basis for an expert's opinion deprived defendant of a meaningful opportunity to depose him on the subject); *Burney v. Rheem Mfg. Co., Inc.*, 196 F.R.D. 659 (M.D. Ala.) (as a result of plaintiff waiting until her deposition to disclose witnesses and allegations key to her sexual harassment suit, "defendant was deprived of any meaningful opportunity to investigate plaintiff's allegations prior to the deposition."); *Thames v. City of Pensacola*, 18 Fla. L. Weekly Fed. D. 847 (N.D. Fla. 2005) (striking an affidavit by an expert because the affidavit, submitted in response to the defendant's motion for summary judgment, evidenced a change of position by the expert which had not been previously disclosed); *Alvarado v. U.S.*, 2011 WL 1769097 (S.D. Fla. 2011) (granting motion to strike regarding untimely disclosed trial witnesses because the defendant had not had a chance to depose them).

   The first step in determining whether 37(c) sanctions are appropriate in the instant case is to determine whether violations of Rule 26(a) or (e) have occurred.  The City argues that Berryman-Dages has violated these rules, and the court agrees.  Under Rule 26(a), Berryman-Dages had a duty to disclose, in a timely manner, any documents in her possession that she intended to rely upon.  However, she did not disclose the documents in question until over six months after the deadline for initial disclosures.  It appears that a number of the untimely disclosed documents were in Berryman-Dages's possession the whole time, (Doc. 89, Exhibit D), and she does not argue otherwise.  Nor does she provide any justification for waiting as long as she did to disclose the documents.  She has therefore violated Rule 26(a).

   Berryman-Dages has violated Rule 26(e) in two ways.  Rule 26(e) imposed a duty on Berryman-Dages to supplement and correct both 1) her initial disclosures and 2) her response to the City's request for production of documents.  She was required to supplement in a "timely manner" when she learned "that in some material respect the [initial] disclosure . . . [was] incomplete." Fed. R. Civ. P. 26(e)(1).  First, Berryman-Dages failed to amend her initial disclosures in a timely fashion.  As shown in (Doc. 89, Exhibit D), it appears that she had many of the documents in question in her possession the whole

time, and she does not argue that she was unaware of their existence. Second, Berryman-Dages failed to produce the documents themselves in a timely fashion. She had already responded to the City's first production request by producing documents, and was required by Rule 26(e) to supplement this response by providing the additional documents identified in the amended initial disclosures upon learning of them. Since all evidence suggests that Berryman-Dages was in possession of the relevant documents the whole time, and she does not provide justification for the late disclosures, this court finds that she has violated Rule 26(e).

The next step is to determine whether Berryman-Dages's late disclosures were "substantially justified" or "harmless." Fed. R. Civ. P. 37(c). In her memorandum opposing the instant motion, Berryman-Dages presents no argument justifying her late disclosures. The closest she comes is her discussion of certain technical difficulties in producing the digital photographs that the City received on October 19. However, Berryman-Dages does not explain why she waited so long before trying to produce those photographs in the first place. Since Berryman-Dages does not explain any extenuating circumstances that would excuse her late disclosure and production of the additional documents identified in her amended initial disclosure, it cannot be said that these delays were "substantially justified."

The final question is whether Berryman-Dages's violations of the discovery rules were harmless. The city claims that it was prejudiced by Berryman-Dages's delays on the following grounds. First, the City states that it did not learn about or receive the documents specified in the Amended Initial Disclosure until well after it had incurred the cost and expense of deposing Berryman-Dages, and suggests that it did not have the opportunity to depose her regarding the information in the documents. Second, the City claims that the delay deprived it of the ability to conduct further discovery regarding the information contained in the documents.

However, the City does not explain, nor is it at all clear, why any documents that Berryman-Dages produced late would raise the need for further discovery or deposition. The City describes the documents submitted in September as including:[a] picture from Plaintiff's fiftieth birthday party; [t]he Plaintiff's high school diploma . . . ; [t]he Plaintiff's college degrees . . . ; [a] certificate completion from St. Petersburg Junior College . . . ;

[p]ictures from the Plaintiff's military service and an honorable discharge certificate . . . ." and so on. (Doc. 89 at 5). The City describes the documents submitted in October as "pictures of the public folders on the fire department's computer system." (Doc. 89 at 5). When determining whether a defendant has suffered prejudice as the result of a late disclosure, a court must consider the important or relevance of the untimely disclosed information. *See Lips*, 350 Fed. Appx. at 340. In its memorandum supporting the instant motion, the City admits that "the relevance of these documents is not evident," (doc. 89 at 11), an opinion in keeping with the court's own view of the documents. The cases that the City relies upon represent instances where courts granted motions to strike to avoid clear prejudice resulting from late disclosure of important information and witnesses. It would be incongruous to rule that the City was prejudiced by a lack of opportunity to perform further discovery regarding the documents in question when by its own admission their importance is at best unclear.

Accordingly, it is now **ORDERED** as follows:

Defendant's motion to strike plaintiff's amended initial disclosures and to exclude evidence for failure to comply with discovery obligations (doc. 89) is DENIED.

**DONE and ORDERED** this 4th day of April, 2012.

 s/ *M. Casey Rodgers*
 **M. CASEY RODGERS**
 **CHIEF UNITED STATES DISTRICT JUDGE**